UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

JAMES COOLEY, an individual; and
MORGAN COOLEY, and individual,

               Plaintiffs,

v.

ELIZABETH MARCUS, an individual,

               Defendant.

Case No. _____

Hon. _____

---

NOW COMES Plaintiffs JAMES COOLEY and MORGAN COOLEY (the "Cooleys") by and through their attorneys, Mark H. Zietlow & Associates, PLC, and states as follows:

**JURISDICTION AND VENUE**

1.      This is a complaint for copyright infringement under the federal Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto (the "Copyright Act").

2.      This Court has a subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

3.      Venue in this district is proper under 28 U.S.C. § 1391(b) in that the events giving rise to the within claims occurred in this judicial district, and under 28 U.S.C. § 1400(b) in that it is a judicial district where Defendant has committed acts of copyright infringement.

## PARTIES

4.      Plaintiff James Cooley ("James Cooley") is a Michigan resident and is married to Plaintiff Morgan Cooley.

5.      Plaintiff Morgan Cooley ("Morgan Cooley") is a Michigan resident and is married to Plaintiff James Cooley.

6.      James Cooley and Morgan Cooley are the parents and guardians of their minor son Azariah. Azariah is under thirteen (13) years old.

7.      Defendant Elizabeth Marcus ("Defendant") is a Michigan resident who resides within the jurisdiction of this Court.  Defendant is subject to the jurisdiction of this Court by virtue of her domicile in Michigan.

### The Cooley Copyrights

8.      James Cooley and Morgan Cooley have spent time preparing for, taking and saving pictorial and audiovisual works. While production of their works involved time and effort, James Cooley and Morgan Cooley believed it was worthwhile and valuable.

9.      Some of the Cooley's pictorial and audiovisual works contain images of their minor son Azariah.

10.      James Cooley's pictorial work titled "Laughter" is an original work, copyrightable under the Copyright Act.

11.      The "Laughter" work was first published on November 13, 2018.

12.      The "Laughter" copyright has been published and has been filed in conformity with the provisions of Copyright Act.

13.      James Cooley is the holder of the exclusive rights under the Copyright Act to reproduce, distribute, display, or license the reproduction, distribution, and/or display of his

pictorial work titled "Laughter" (**Exhibit 1)** throughout the United States. The copyrighted work "Laughter" is hereinafter referred to as the "Laughter Copyright."

14.      Morgan Cooley's pictorial work titled "The Cooley's and Elle" is an original work, copyrightable under the Copyright Act.

15.      "The Cooley's and Elle" work was first published on June 29, 2019.

16.      "The Cooley's and Elle" copyright has been published and has been filed in conformity with the provisions of the Copyright Act.

17.      Morgan Cooley is the holder of the exclusive rights under the Copyright Act to reproduce, distribute, display, or license the reproduction, distribution, and/or display of her pictorial work titled "The Cooley's and Elle" (**Exhibit 2)** throughout the United States. The copyrighted work "The Cooley's and Elle" is hereinafter referred to as the "The Cooley's and Elle Copyright."

18.      Morgan Cooley and James Cooley's pictorial work titled "Heart-storming with the Lord" work is an original work, copyrightable under the Copyright Act.

19.      The "Heart-Storming with the Lord" work was first published on July 17, 2019.

20.      The "Heart-storming with the Lord" copyright has been published and has been filed in conformity with the provisions of the Copyright Act.

21.      Morgan Cooley and James Cooley are the holders of the exclusive rights under the Copyright Act to reproduce, distribute, display, or license the reproduction, distribution, and/or display of their pictorial work entitled "Heart-Storming with the Lord" (**Exhibit 3)** throughout the United States. The copyrighted work "Heart-Storming with the Lord" is hereinafter referred to as the "Heart-Storming with the Lord Copyright."

22.     Morgan Cooley's pictorial work titled "Heart Storming" is an original work, copyrightable under the Copyright Act.

23.     The "Heart Storming" work was first published on September 9, 2019.

24.     The "Heart Storming" copyright has been published and has been filed in conformity with the provisions of the Copyright Act.

25.     Morgan Cooley is the holder of the exclusive rights under the Copyright Act to reproduce, distribute, display, or license the reproduction, distribution, and/or display of her pictorial work titled "Heart Storming" (**Exhibit 4**) throughout the United States. The copyrighted work "Heart Storming" is hereinafter referred to as the "Heart Storming Copyright."

26.     Morgan Cooley and James Cooley's pictorial work titled "Reflections and Worship" work is an original work, copyrightable under the Copyright Act.

27.     The "Reflections and Worship" work was first published on September 30, 2019.

28.     The "Reflections and Worship" copyright has been published and have been filed in conformity with the provisions of the Copyright Act.

29.     Morgan Cooley and James Cooley are the holders of the exclusive rights under the Copyright Act to reproduce, distribute, display, or license the reproduction, distribution, and/or display of their pictorial work entitled "Reflections and Worship" (**Exhibit 5**) throughout the United States. The copyrighted work "Reflections and Worship" is hereinafter referred to as the "Reflections and Worship Copyright."

30.     James Cooley's pictorial work titled "Day at the Beach" work is an original work, copyrightable under the Copyright Act.

31.     The "Day at the Beach" work was first published on December 02, 2019.

4

32.     The "Day at the Beach" copyright has been published and has been filed in conformity with the provisions of the Copyright Act.

33.     James Cooley is the holder of the exclusive rights under the Copyright Act to reproduce, distribute, display, or license the reproduction, distribution, and/or display of his pictorial work entitled "Day at the Beach" (**Exhibit 6**) throughout the United States. The copyrighted work "Day at the Beach" is hereinafter referred to as the "Day at the Beach Copyright."

34.     The Laughter Copyright, the Cooley's and Elle Copyright, the Heart-Storming with the Lord Copyright, the Heart Storming Copyright, the Reflections and Worship Copyright, and the Day at the Beach Copyright (collectively the "Cooley Copyrights") are owned and are the exclusive property of James Cooley and Morgan Cooley.

**The GoFundMe Page**

35.     On June 15, 2021, Defendant published a GoFundMe page which includes a promotional trailer video.

36.     In this video, Defendant willfully misappropriates the Cooley Copyrights, without their consent or permission.

37.     Defendant published a video on GoFundMe on June 15, 2021, using the Laughter Copyright work without consent or license.

38.     Defendant willfully misappropriated the Laughter Copyright without permission or consent.

39.     Defendant published a video on GoFundMe on June 15, 2021, using The Cooley's and Elle Copyright work without consent or license.

40.     Defendant willfully misappropriated The Cooley's and Elle Copyright without permission or consent.

41.     Defendant published a video on GoFundMe on June 15, 2021, using the Heart-Storming with the Lord Copyright work without consent or license.

42.     Defendant willfully misappropriated the Heart-Storming with the Lord Copyright without permission or consent.

43.     Defendant published a video on GoFundMe on June 15, 2021, using the Heart Storming Copyright work without consent or license.

44.     Defendant willfully misappropriated the Heart Storming Copyright without permission or consent.

45.     Defendant published a video on GoFundMe on June 15, 2021, using the Reflections and Worship Copyright work without consent or license.

46.     Defendant willfully misappropriated the Reflections and Worship Copyright without permission or consent.

47.     Defendant Marcus published a video on GoFundMe on June 15, 2021, using the Day at the Beach Copyright work without consent or license.

48.     Defendant willfully misappropriated the Day at the Beach Copyright without permission or consent.

49.     Defendant's conduct of publishing a video on a GoFundMe campaign with the Cooley Copyrights constitutes willful copyright infringement under the Copyright Act.

**The YouTube Video**

50.     On June 17, 2021, Marcus published a video on YouTube which includes a promotional trailer video.

51.     In this video, Defendant willfully misappropriated the Cooley Copyrights, without their consent or permission.

52.     Defendant published a video on YouTube on June 17, 2021, using the Laughter Copyright work without consent or license.

53.     Defendant willfully misappropriated the Laughter Copyright without permission or consent.

54.     Defendant published a video on YouTube on June 17, 2021, using The Cooley's and Elle Copyright work without consent or license.

55.     Defendant willfully misappropriated The Cooley's and Elle Copyright without permission or consent.

56.     Defendant published a video on YouTube on June 17, 2021, using the Heart-Storming with the Lord Copyright work without consent or license.

57.     Defendant willfully misappropriated the Heart-Storming with the Lord Copyright without permission or consent.

58.     Defendant published a video on YouTube on June 17, 2021, using the Heart Storming Copyright work without consent or license.

59.     Defendant willfully misappropriated the Heart Storming Copyright without permission or consent.

60.     Defendant published a video on YouTube on June 17, 2021, using the Reflections and Worship Copyright work without consent or license.

61.     Defendant willfully misappropriated the Reflections and Worship Copyright without permission or consent.

62.     Defendant published a video on YouTube on June 17, 2021, using the Day at the Beach Copyright work without consent or license.

63.     Defendant willfully misappropriated the Day at the Beach Copyright without permission or consent.

64.     James Cooley and Morgan Cooley did not authorize Defendant to use the pictorial and visual works embodied in the Cooley Copyrights.

65.     In 2021, James Cooley and Morgan Cooley became aware of the video posted by Defendant on the GoFundMe Campaign and on YouTube.

66.     Plaintiffs requested that the video using the Cooley Copyrights be taken down as they did not give permission or license to Defendant.

67.     Defendant did not take the GoFundMe campaign down, until recently.

68.     Despite the fact that Defendant took the GoFundMe campaign with the Cooley Copyrights down, Defendant's is still liable to James Cooley and Morgan Cooley for infringement of the Cooley Copyrights.

69.     Despite the fact that Defendant took the GoFundMe campaign with the Cooley Copyrights down, Defendant's conduct in publishing a video on GoFundMe with the Cooley Copyrights constitutes willful copyright infringement under the Copyright Act.

70.     Defendant's YouTube video with the Cooley Copyrights is still on YouTube, and Defendant is liable to James Cooley and Morgan Cooley for infringement of the Cooley Copyrights.

71.     Defendant's conduct of publishing a video on YouTube with the Cooley Copyrights constitutes willful copyright infringement under the Copyright Act.

**Infringement**

72.     Plaintiffs have not authorized Defendant, by license or otherwise, to copy, reproduce, distribute, or display any of the copyrighted material from the pictorial and audiovisual works embodied in the Cooley Copyrights.

73.     Defendant infringed Plaintiffs' exclusive rights in the Laughter Copyright by copying, reproducing, duplicating, distributing, and displaying it and/or derivative works derived therefrom without Plaintiffs' permission.

74.     Defendant infringed Plaintiffs' exclusive rights in The Cooley's and Elle Copyright by copying, reproducing, duplicating, distributing, and displaying it and/or derivative works derived therefrom without Plaintiffs' permission.

75.     Defendant infringed Plaintiffs' exclusive rights in the Heart-storming with the Lord Copyright by copying, reproducing, duplicating, distributing, and displaying it and/or derivative works derived therefrom without Plaintiffs' permission.

76.     Defendant infringed Plaintiffs' exclusive rights in the Heart Storming Copyright by copying, reproducing, duplicating, distributing, and displaying it and/or derivative works derived therefrom without Plaintiffs' permission.

77.     Defendant infringed Plaintiffs' exclusive rights in the Reflections and Worship Copyright by copying, reproducing, duplicating, distributing, and displaying it and/or derivative works derived therefrom without Plaintiffs' permission.

78.     Defendant infringed Plaintiffs' exclusive rights in the Day at the Beach Copyright by copying, reproducing, duplicating, distributing, and displaying it and/or derivative works derived therefrom without Plaintiffs' permission.

79.     In using the Plaintiffs' works pictorial and audiovisual works, Defendant willfully and intentionally misappropriated the Cooley Copyrights for financial gain.

80.     Defendant has committed all of the aforementioned acts deliberately, willfully, maliciously and oppressively, without regard to Plaintiffs' ownership and proprietary rights in the Cooley Copyrights.

81.     Defendant has infringed and will continue to infringe Plaintiffs' copyrights within the meaning of 17 U.S.C. § 501 by her copying, distribution, and public display of the Cooley Copyrights within Defendant's video.

### Damages

82.     James Cooley and Morgan Cooley have been damaged by Defendant's infringement of the Cooley Copyrights.

83.     Each infringing copy, duplication, or display of the copyrighted material, as well as the continuous sharing of the video, constitutes a separate claim against Defendant under the Copyright Act.

84.     By reason of the copyright infringement described above, Plaintiffs are entitled to recover from Defendant statutory damages up to $150,000.00 per copyright infringed for Defendant's willful copyright infringement, plus attorneys' fees.

85.     In addition, Defendant has realized unlawful and unjust financial gain from the unauthorized and illegal copying, duplication, distribution, and display of the Cooley Copyrights.

86.     The video on YouTube has 18,994 views.

87.     On Facebook, the link to the GoFundMe and video has 172 shares.

88.     Defendant gained financially from use of the Cooley Copyrights since the GoFundMe Campaign raised about $32,000.

89.      Defendant's malicious misappropriation has caused Plaintiffs emotional distress and humiliation. The experience adversely affected Plaintiffs' lives both psychologically and economically.

90.      Defendant's malicious misappropriation has subjected Plaintiffs to intimidation and invasion of privacy from Defendant.

91.      Defendant's malicious misappropriation has subjected Plaintiffs to intimidation and invasion of privacy from third parties who reasonably could be expected to see and act upon the video.

92.      Defendant's malicious misappropriation has left Plaintiffs with no other reasonable course but to defend the Cooley Copyrights from being taken, copied and used without permission.

93.      Plaintiffs have sustained, and will continue to sustain, substantial damages to their image and copyrights in that the activities of Defendant have caused distress and humiliation and will continue to cause distress and humiliation.

94.      As a result of Defendant's acts of infringements, Plaintiffs are without an adequate remedy at law in that damages are difficult to calculate.

95.      Unless injunctive relief is granted as requested, Plaintiffs will be required to pursue a multiplicity of actions.

96.      Defendant continues to infringe the Cooley Copyrights, and unless preliminarily and permanently enjoined by Order of this Court, will continue to infringe the Cooley Copyrights, all to Plaintiffs' irreparable injury.

97.      Defendant has irreparably injured Plaintiffs.

98.     Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiffs' rights, for which Plaintiffs have no adequate remedy at law.

99.     As a result of the conduct of Defendant, Plaintiffs have suffered and continue to suffer damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court, pursuant to 17 U.S.C. § 501, enter judgment in favor of Plaintiff and order as follows:

A. For an Order enjoining Defendant, her agents, and those acting in concert or conspiracy with her or them, preliminarily during the pendency of this action and permanently thereafter from:

    a. infringing, or contributing to or participating in the infringement by others to the Cooley Copyrights or acting in concert with, aiding and abetting others to infringe said Cooley Copyrights in any way;

    b. copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization copies of the Cooley Copyrights to which Plaintiffs are owners of exclusive rights under the respective copyrights or derivative works based thereon;

B. That Defendant be required to pay over Plaintiffs statutory damages of $150,000 for infringement for each separate copyright as set forth in the Copyright Act;

C.  That Defendant be required to pay over Plaintiffs the actual damages suffered by Plaintiffs as a result of the infringement as set forth om the Copyright Act;

D.  For an award of costs under 17 U.S.C. § 505 or as otherwise provided by law;

E.  For an award of attorneys' fees pursuant to 17 U.S.C. § 505;

F.  For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

G.  For such other and further relief as the Court deems just and proper.

Respectfully submitted,

MARK H. ZIETLOW & ASSOCIATES

Dated: January 24, 2023                    By:_____/s/ Mark H. Zietlow_____
Mark H. Zietlow (P37022)
388 Garden Avenue, Suite 140
Holland, Michigan 49424
(616) 392-4100
Attorneys for Plaintiffs

**EXHIBIT 1**

**LAUGHTER COPYRIGHT**

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-332-052

**Effective Date of Registration:**
November 29, 2022
**Registration Decision Date:**
January 05, 2023

---

**Copyright Registration for One Work by One Author**
Registration issued pursuant to 37 CFR §202.3

## Title

**Title of Work:** Laughter

## Completion/Publication

**Year of Completion:** 2018
**Date of 1st Publication:** November 13, 2018
**Nation of 1st Publication:** United States

## Author

- **Author:** James Cooley
  **Author Created:** Photograph
  **Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** James Cooley
Care of: 388 Garden ave, Ste. 140, Holland, MI, 49424, United States

## Rights and Permissions

**Organization Name:** Innovative Law Group
**Address:** 388 Garden ave
Ste. 140
Holland, MI 49424 United States

## Certification

**Name:** Katherine Souza Pereira, Authorized agent of Author/Owner

**Date**:    November 29, 2022

---

**Copyright Office notes:**    Regarding basis for registration: A work may be registered with the Single
Application only if the following requirements have been met: 1) The
registration covers one work; 2) The work must be created by one individual; 3)
All of the material contained within the work must be created by the same
individual; 4) The author and the owner of the work must be the same person,
and that person must own all of the rights in the work; 5) The work cannot be a
work made for hire.

**EXHIBIT 2**

**THE COOLEY'S AND ELLE COPYRIGHT**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-331-910

**Effective Date of Registration:**
November 29, 2022
**Registration Decision Date:**
January 04, 2023

---

**Copyright Registration for One Work by One Author**
Registration issued pursuant to 37 CFR §202.3

## Title

**Title of Work:**    The Cooley's and Elle

## Completion/Publication

**Year of Completion:**    2019
**Date of 1st Publication:**    June 29, 2019
**Nation of 1st Publication:**    United States

## Author

- **Author:**    Morgan Cooley
  **Author Created:**    Photograph
  **Citizen of:**    United States

## Copyright Claimant

**Copyright Claimant:**    Morgan Cooley
Care of: 388 Garden ave, Ste. 140, Holland, MI, 49424, United States

## Rights and Permissions

**Organization Name:**    Innovative Law Group
**Address:**    388 Garden ave.,
Ste. 140
Holland, MI 49424 United States

## Certification

**Name:**    Katherine Souza Pereira, Authorized agent of Author/Owner

Page 1 of 2

**Date**: November 29, 2022

**Copyright Office notes:** Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire.

**EXHIBIT 3**

**HEART-STORMING WITH THE LORD COPYRIGHT**

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## PA 2-388-591

**Effective Date of Registration:**
November 30, 2022
**Registration Decision Date:**
January 05, 2023

---

## Title
_____

**Title of Work:** Heart-Storming with the Lord

## Completion/Publication
_____

**Year of Completion:** 2019
**Date of 1st Publication:** July 17, 2019
**Nation of 1st Publication:** United States

## Author
_____

- **Author:** Morgan Cooley
  **Author Created:** entire motion picture
  **Citizen of:** United States

- **Author:** James Cooley
  **Author Created:** entire motion picture
  **Citizen of:** United States

## Copyright Claimant
_____

**Copyright Claimant:** Morgan Cooley
Care of: 388 Garden ave, Ste. 140, Holland, MI, 49424, United States

**Copyright Claimant:** James Cooley
Care of: 388 Garden ave, Ste. 140, Holland, MI, 49424, United States

## Rights and Permissions
_____

**Organization Name:** Innovative Law Group
**Address:** 388 Garden Ave.
Ste. 140

Holland, MI 49424 United States

## Certification

**Name:** Katherine Souza Pereira
**Date**: November 29, 2022

**EXHIBIT 4**

**HEART STORMING COPYRIGHT**

17

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-332-053

**Effective Date of Registration:**
November 29, 2022
**Registration Decision Date:**
January 05, 2023

---

**Copyright Registration for One Work by One Author**
Registration issued pursuant to 37 CFR §202.3

## Title _____

**Title of Work:**   Heart Storming

## Completion/Publication _____

**Year of Completion:**   2019
**Date of 1st Publication:**   September 09, 2019
**Nation of 1st Publication:**   United States

## Author _____

- **Author:**   Morgan Cooley
  **Author Created:**   Photograph
  **Citizen of:**   United States

## Copyright Claimant _____

**Copyright Claimant:**   Morgan Cooley
Care of: 388 Garden ave, Ste. 140, Holland, MI, 49424, United States

## Rights and Permissions _____

**Organization Name:**   Innovative Law Group
**Address:**   388 Garden Ave.
Ste. 140
Holland, MI 49424 United States

## Certification _____

**Name:**   Katherine Souza Pereira, Authorized agent of Author/Owner

Page 1 of 2

**Date**: November 29, 2022

---

**Copyright Office notes:** Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire.

**EXHIBIT 5**

**REFLECTIONS AND WORKSHIP COPYRIGHT**

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## PA 2-388-681

**Effective Date of Registration:**
November 30, 2022
**Registration Decision Date:**
January 05, 2023

---

## Title

**Title of Work:**  Reflections and Worship

## Completion/Publication

**Year of Completion:**  2019
**Date of 1st Publication:**  September 30, 2019
**Nation of 1st Publication:**  United States

## Author

- **Author:**  Morgan Cooley
  **Author Created:**  entire motion picture
  **Citizen of:**  United States

- **Author:**  James Cooley
  **Author Created:**  entire motion picture
  **Citizen of:**  United States

## Copyright Claimant

**Copyright Claimant:**  Morgan Cooley
Care of: 388 Garden ave, Ste. 140, Holland, MI, 49424, United States

**Copyright Claimant:**  James Cooley
Care of: 388 Garden ave, Ste. 140, Holland, MI, 49424, United States

## Rights and Permissions

**Organization Name:**  Innovative Law Group
**Address:**  388 Garden ave
Ste. 140

Holland, MI 49424 United States

## Certification

**Name:** Katherine Souza Pereira
**Date**: November 29, 2022

**EXHIBIT 6**

**DAY ON THE BEACH COPYRIGHT**

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## VA 2-332-051

**Effective Date of Registration:**
November 29, 2022
**Registration Decision Date:**
January 05, 2023

---

## Copyright Registration for One Work by One Author
Registration issued pursuant to 37 CFR §202.3

### Title _____

**Title of Work:** Day at the beach

### Completion/Publication _____

**Year of Completion:** 2019
**Date of 1st Publication:** December 02, 2019
**Nation of 1st Publication:** United States

### Author _____

- **Author:** James Cooley
  **Author Created:** Photograph
  **Citizen of:** United States

### Copyright Claimant _____

**Copyright Claimant:** James Cooley
Care of: 388 Garden ave, Ste. 140, Holland, MI, 49424, United States

### Rights and Permissions _____

**Organization Name:** Innovative Law Group
**Address:** 388 Garden ave
Ste. 140
Holland, MI 49424 United States

### Certification _____

**Name:** Katherine Souza Pereira, Authorized agent of Author/Owner

Page 1 of 2

**Date**:   November 29, 2022

**Copyright Office notes:**   Regarding basis for registration: A work may be registered with the Single Application only if the following requirements have been met: 1) The registration covers one work; 2) The work must be created by one individual; 3) All of the material contained within the work must be created by the same individual; 4) The author and the owner of the work must be the same person, and that person must own all of the rights in the work; 5) The work cannot be a work made for hire.