UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAMES COOLEY, an individual, and
MORGAN COOLEY, an individual,

      Plaintiffs,

v.

ELIZABETH MARCUS, an individual,

      Defendant.

Case No. 1:23-cv-00086

Hon. Hala Y. Jarbou

---

Mark H. Zietlow (P37022)
**INNOVATIVE LAW GROUP**
Attorney for Plaintiffs
388 Garden Avenue
Suite 140
Holland, MI 49424
(616) 392-4100
mark@innovative.lawyer

Thomas V. Hubbard (P60575)
Amanda P. Narvaes (P74957)
**DREW, COOPER & ANDING, P.C.**
Attorneys for Defendant
Aldrich Place, Suite 200
80 Ottawa Avenue, N.W.
Grand Rapids, MI 49503
(616) 454-8300
thubbard@dca-lawyers.com
anarvaes@dca-lawyers.com

---

**<u>BRIEF IN SUPPORT OF DEFENDANT'S</u>**
**<u>MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)</u>**

***ORAL ARGUMENT REQUESTED***

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

TABLE OF AUTHORITIES ................................................................................................ iii

INTRODUCTION ..........................................................................................................1

FACTS ............................................................................................................................1

STANDARD OF REVIEW ..............................................................................................2

    I.     THE COURT SHOULD APPLY THE IQBAL/TWOMBLY PLAUSIBILITY STANDARD ..........2

    II.    THE COURT SHOULD CONSIDER JUDICIALLY NOTICEABLE DOCUMENTS ...................3

ANALYSIS........................................................................................................................4

    I.     PLAINTIFFS' COMPLAINT FAILS FOR LACK OF SPECIFICITY ........................................4

    II.    PLAINTIFFS' CLAIMS FOR STATUTORY DAMAGES AND ATTORNEYS'
           FEES UNDER THE COPYRIGHT ACT FAIL AS A MATTER OF LAW ................................6

    III.   EVEN IF THE ALLEGEDLY INFRINGED WORKS WERE SUFFICIENTLY
           IDENTIFIABLE OR SPECIFICALLY IDENTIFIED THROUGH A PROPOSED
           AMENDMENT, PLAINTIFFS' COMPLAINT WOULD
           STILL NOT STATE VALID CLAIMS..................................................................................8

        A.    Use of all the photographs and video clips in the
              Trailer Video was *de minimis* ...................................................................8

        B.    Defendant's use of all the photographs and video clips
              in the Trailer Video was "fair use" ...........................................................13

              i.      *No reasonable jury could find that the purpose*
                        *and character of use of the photographs and*
                        *video clips in the Trailer Video was something*
                        *other than comment, criticism and news reporting* .......................13

              ii.     *The nature of the copyrighted work was factual*
                        *rather than creative*.....................................................................15

              iii.    *The amount and substantiality of the use in relation to*
                        *to the copyrighted work was minimal and reasonable* .................16

               iv.    *The alleged use did not usurp the potential market or*
                        *value of the copyrighted work*.....................................................16

i

IV.     THIS COURT SHOULD AWARD DEFENDANT HER COSTS AND
        ATTORNEY FEES INCURRED IN FILING THIS MOTION AND BRIEF ............................18

CONCLUSION...................................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                                                                                          <u>PAGE(S)</u>

*Art of Design, Inc. v. Pontoon Boat, LLC*,
    No. 3:16-CV-595 JD, 2017 WL 3608219 (N.D. Ind. Aug. 22, 2017) ...............................5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................1, 2, 3

*Balsley v. LFP, Inc.*, 691 F.3d 747 (6th Cir. 2012) ................................................................13, 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................................2, 3

*Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605 (2d Cir. 2006) ..........................16

*Brown v. Davis*, No. 1:18-CV-1322, 2019 WL 211070 (W.D. Mich. Jan. 16, 2019) ....................4

*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1987) ...............................................13, 15, 16

*In re DCMA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875 (N.D. Cal. 2020)............................14

*Davis v. ABC*, No. 1:10-CV-167, 2010 WL 2998476 (W.D. Mich. July 28, 2010) ......................4

*Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008)............................7

*Dorchen/Martin Assocs., Inc. v. Brook of Cheboygan, Inc.*,
    838 F. Supp. 2d 607 (E.D. Mich. 2012)................................................................................4

*Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920 (6th Cir. 2013)................................2, 3

*Fogerty v. Fantasy, Inc.* 510 U.S. 517 (1994) ............................................................................18

*Gordon v. Nextel Commc'ns & Mullen Advert., Inc.*, 345 F.3d 922 (6th Cir. 2003)............. *passim*

*Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507 (6th Cir. 1999) ............................................9

*Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34 (S.D.N.Y. 2017)............................................13, 15, 16

*Johnson v. Jones*, 149 F.3d 494 (6th Cir. 1998) .......................................................................6, 7

*Kelly v. L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992),
    *aff'd*, 23 F.3d 398 (2d Cir. 1994) ........................................................................................4

*Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225 (S.D.N.Y. 2000).................................................4

*Monster Commc'ns, Inc. v. Turner Broad. Sys., Inc.*, 935 F. Supp. 490 (S.D.N.Y. 1996) ............14

*Morse v. McWhorter*, 29 F.3d 795 (6th Cir. 2002) ............................................................... *passim*

*Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*,
    299 F. App'x 509 (6th Cir. 2008) ..........................................................................5

*Neal Publications v. F & W Publications, Inc.*, 307 F. Supp. 2d 928 (N.D. Ohio 2004).............12

*Nunez v. Caribbean Intern. News Corp.*, 235 F.3d 18 (1st Cir. 2000) .........................................15

*Pond Guy, Inc. v. Aquascape Designs, Inc.*,
    No. 13-13229, 2014 WL 2863871 (E.D. Mich. June 24, 2014) ..........................................4

*Remark Home Designs, LLC v. Oak St. Condo Projects, LLC*,
    No. 16-CV-14305, 2017 WL 5714489 (E.D. Mich. Aug. 1, 2017)....................................7

*Sandoval v. New Line Cinema Corp.*, 147 F.3d 215 (2d Cir. 1998)................................................8

*Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984) ....................................17

*Stewart v. Abend*, 495 U.S. 207 (1990)........................................................................................15

*Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) ...........................................3, 14

*White v. SmithKline Beecham Corp.*, 538 F. Supp. 2d 1023 (W.D. Mich. 2008)..........9, 10, 11, 12

**O**THER **A**UTHORITY

17 U.S.C. § 107..............................................................................................................13

17 U.S.C. § 412..........................................................................................................6, 7

17 U.S.C. § 504....................................................................................................6, 7, 18

17 U.S.C. § 505....................................................................................................6, 7, 18

Fed. R. Civ. P. 12(b)(6) ....................................................................................... *passim*

Fed. R. Evid. 201(b).....................................................................................................3, 14

Fed. R. Evid. 201(c)(2) ...............................................................................................3, 14

## INTRODUCTION

Plaintiffs have sued Defendant for copyright infringement and have claimed that Defendant willfully misappropriated Plaintiffs' copyrighted works. (Compl., ECF No. 1, PageID.1-31.) Defendant files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) in lieu of an Answer.

## FACTS[1]

In August 2022, Defendant Elizabeth Marcus ("Defendant" or "Elizabeth"), along with her parents, David and Lorene Roskamp, brought suit against Grace Christian University and the Plaintiffs in this case, James Cooley and Morgan Cooley (nee Wolffis) ("Plaintiffs" or "the Cooleys") for alleged negligence that was the proximate cause of the disappearance of Elizabeth's younger sister, Elle Roskamp, and Elle's estrangement from her family. (Ex. 1, "Kent County Complaint.") A few months after the Kent County Complaint was filed, the Cooleys filed a Counter-Complaint alleging claims of defamation, intentional infliction of emotional distress, invasion of privacy, and trespass against Elizabeth and her parents. (Ex. 2, First Amended Counter-Complaint.) At approximately the same time, the Cooleys sought, for the first time, to register the copyrights at issue in this case.

Approximately one year prior to filing the Kent County Complaint (June 15, 2021), Elizabeth posted a GoFundMe campaign webpage with the stated goal of raising money to make a documentary-style film about Elle's disappearance. (Compl., ECF No. 1, ¶ 35, PageID.5; *see also* Ex. 3, printout of GoFundMe webpage https://www.gofundme.com/f/where-is-elle; Ex. 4, printout of GoFundMe webpage from Archive.org.) The GoFundMe webpage contained a hyperlink to a two minute and thirty second video (the "Trailer Video") that discussed Elle's

---

[1] To the extent the following facts are taken from Plaintiffs' Complaint, they accepted as true here only for purposes of this Rule 12(b)(6) Motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, (2009) (On a motion to dismiss, factual allegations are accepted as true for purposes of the motion.).

disappearance. (Ex. 5, Trailer Video "IMG_8494.MOV" submitted on disk to the Court.)[2] The Trailer Video was posted to YouTube on June 17, 2021, at https://youtu.be/lA5r1ogKRVk.[3] (Compl., ¶ 50, ECF No. 1, PageID.6.) Embedded in the Trailer Video were six photos and three video clips, none of which appear for more than four seconds, and all of which show images of Elle. (Ex. 5, Trailer Video.) Plaintiffs alleged in their Complaint that four copyrighted photos and two clips from copyrighted videos were impermissibly used in the Trailer Video. (Compl., ECF No. 1, ¶¶ 11, 15, 19, 23, 27, 31, 35-36, 50-51, PageID.2-7.).[4] However, as explained in more detail below, it is not possible from Plaintiffs' Complaint to specifically determine what the allegedly infringed works are, or whether and how they were used in the Trailer Video.

### STANDARD OF REVIEW

I.  **THE COURT SHOULD APPLY THE *IQBAL/TWOMBLY* PLAUSIBILITY STANDARD.**

"A complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 924 (6th Cir. 2013) (inner quotations and citations omitted). "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the "plausibility standard is not akin to a probability requirement...it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] The Trailer Video is referenced numerous times in Plaintiffs' Complaint and is the subject of their claims. (Compl., ECF No. 1, ¶¶ 35-71, 81, 83, 86-87, 91, PageID.7-15.)

[3] The Trailer Video has been taken down from both YouTube and the GoFundMe campaign webpage.

[4] As noted above, Plaintiffs sought to register these copyrights shortly after Defendant and her parents filed the Kent County Complaint. They are the only copyright registrations Defendants have ever obtained. *See* copyright.gov/public-records/, last visited on February 20, 2023.

"Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Estate of Barney*, 714 F.3d at 924. Put differently, if the plaintiffs do "not nudge their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "On a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555. Ultimately, "determining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II.    THE COURT SHOULD CONSIDER JUDICIALLY NOTICEABLE DOCUMENTS.

In addition to the allegations of the Complaint, the Court "must [also] consider...other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). "The court must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). A fact may be judicially noticed if it "is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction, or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Such sources include reputable or official websites discovered through an internet search, websites preserved through the nonprofit "Wayback Machine"

available at archive.org,[5] a party's own website, and documents filed in another case. Such information may be particularly salient to 12(b)(6) motions in copyright cases. *See, e.g., Davis v. ABC*, No. 1:10-CV-167, 2010 WL 2998476, *5 (W.D. Mich. July 28, 2010) (Jonker, J.) ("the Court may consider matters subject to judicial notice pursuant to Federal Rule of Evidence 201, including the generic elements of creative works") (granting motion to dismiss).

## ANALYSIS

### I. PLAINTIFFS' COMPLAINT FAILS FOR LACK OF SPECIFICITY.

A complaint alleging copyright infringement must "plead with specificity the acts by which a defendant has committed copyright infringement." *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000). To withstand a motion to dismiss, copyright infringement claims must allege: (1) which specific original works are the subject of the copyright claims; (2) that plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts and during what time the defendant infringed the copyrights. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994). Even where specific infringing materials are identified, a plaintiff must describe "the manner in which [a defendant's] work infringe[s] upon" the plaintiff's copyrighted work. *Dorchen/Martin Assocs., Inc. v. Brook of Cheboygan, Inc.*, 838 F. Supp. 2d 607, 612 (E.D. Mich. 2012).

Plaintiffs' Complaint provides no reproductions of the allegedly infringed works themselves, nor even descriptions of them. And while Plaintiffs alleged that Defendant "willfully misappropriated" each of their copyrighted works in the Trailer Video (a link to which was affixed

---

[5] *Brown v. Davis*, No. 1:18-CV-1322, 2019 WL 211070, *6 (W.D. Mich. Jan. 16, 2019) (Jonker, J.) (taking notice of archived web content at archive.org); *Pond Guy, Inc. v. Aquascape Designs, Inc.,* No. 13-13229, 2014 WL 2863871, *4 (E.D. Mich. June 24, 2014) ("As a resource the accuracy of which cannot reasonably be questioned, the Internet Archive has been found to be an acceptable source for the taking of judicial notice," citing to archive.org.).

to the GoFundMe webpage), they do not identify where and/or how in that video the alleged misappropriation of each unidentified work occurs.[6] All Plaintiffs provide are the copyright registrations (as exhibits to their Complaint) and bare legal conclusions that Defendant infringed each of those registered works. That is not sufficient to state a claim for copyright infringement. *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, 299 F. App'x 509, 511–12 (6th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007)) (dismissing copyright claim for lack of specificity because "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions.").

In sum, the lack of specificity in Plaintiffs' Complaint makes it impossible for Defendant to know with any certainty what the four pictorial works named in the registrations look like, what at least one of the "entire motion pictures" named in the registrations consist of in terms of length and content,[7] and whether and how the Trailer Video allegedly infringed each of those works. Plaintiffs' copyright infringement claims thus fail as a matter of law for lack of specificity and should be dismissed. *See Art of Design, Inc. v. Pontoon Boat, LLC*, No. 3:16-CV-595 JD, 2017 WL 3608219, *4 (N.D. Ind. Aug. 22, 2017) (dismissing copyright claim for lack of specificity where copyright registration numbers were provided but "[g]laringly absent…are any descriptions or explanations as to what the designs are or look like.").

---

[6] While Plaintiffs' Complaint does not make it clear, the GoFundMe page linked to the same video that was posted on Defendant's YouTube page. In other words, there is only one allegedly infringing work at issue here. (*See* Compl., ECF No. 1, ¶ 65, PageID.8.)

[7] As explained *infra,* Defendant believes one of the unidentified copyrighted videos has been located on the internet. But again, because Plaintiffs have provided no descriptions of any of the copyrighted works, Defendant cannot confirm that it is, in fact, the copyrighted video at issue.

III.     **PLAINTIFFS' CLAIMS FOR STATUTORY DAMAGES AND ATTORNEYS' FEES UNDER THE COPYRIGHT ACT FAIL AS A MATTER OF LAW.**

In their Complaint, Plaintiffs seek "statutory damages of $150,000 for infringement for each separate copyright" under 17 U.S.C. § 504 of the Copyright Act, and "an award of attorneys' fees pursuant to 17 U.S.C. § 505" of the Copyright Act. (Compl., ECF 1, PageID.12-13.) As a matter of law, Plaintiffs are not entitled to that relief.

Section 412 of the Copyright Act provides, in pertinent part, as follows:

> [N]o award of statutory damages or of attorney's fees, as provided in sections 504 and 505, shall be made for…(2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration unless such registration is made within three month after the first publications of the work.

17 U.S.C. § 412. Infringement "'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs." *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998). Applying this definition to the facts alleged in Plaintiffs' Complaint, the alleged infringement in the video linked to the GoFundMe site "commenced" on **June 15, 2021**, and the alleged infringement in that same video as posted on YouTube "commenced" on **June 17, 2021**.[8] (ECF No. 1, ¶¶ 35, 50, PageID.5-6.) Below are the effective registration dates and alleged first publication dates for each of the copyrighted works as listed in the Certificates of Registration attached to Plaintiffs' Complaint:[9]

- Copyright No. VA 2-332-052 ("Laughter"):
  - Alleged first publication: **November 13, 2018**
  - Effective registration: **November 30, 2022** (Complaint, Ex. 1.)

---

[8] Again, these facts are taken directly from Plaintiffs' Complaint, and are accepted as true solely for the purposes of this Motion.

[9] These are the first publication dates for the copyrighted works both as represented to the copyright office and as alleged by Plaintiffs in their Complaint. (Compl., ECF No. 1, ¶¶ 11, 15, 19, 23, 27, 31, PageID.2-4.)

6

- Copyright No. VA 2-331-910 ("The Cooley's and Elle"):
  - Alleged first publication: **June 29, 2019**
  - Effective registration: **November 29, 2022** (Complaint, Ex. 2.)

- Copyright No. PA 2-388-591 ("Heart-Storming with the Lord"):
  - Alleged first publication: **July 17, 2019**
  - Effective registration: **November 30, 2022** (Complaint, Ex. 3.)

- Copyright No. VA 2-332-053 ("Heart Storming"):
  - Alleged first publication: **September 9, 2019**
  - Effective registration: **November 29, 2022** (Complaint, Ex. 4.)

- Copyright No. PA 2-388-681 ("Reflections and Worship"):
  - Alleged first publication: **September 30, 2019**
  - Effective registration: **November 30, 2022 (**Complaint, Ex. 5.)

- Copyright No. VA 2-332-051 ("Day at the Beach"):
  - Alleged first publication: **December 02, 2019**
  - Effective registration: **November 29, 2022** (Complaint, Ex. 6.)

According to the facts alleged in Plaintiffs' Complaint, Defendant's alleged infringement commenced **after** first publication and **before** the effective registration date for **each** of the copyrighted works. Further, based on Plaintiffs own pleadings and exhibits, **none** of the copyrighted works were registered within three months after first publication. As such, Plaintiffs are not entitled to statutory damages or attorneys' fees under the Copyright Act. 17 U.S.C. §§ 412, 504, 505; *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998); *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008).

To be clear, Plaintiffs' claims for statutory damages and attorneys' fees under the Copyright Act should be dismissed with prejudice and without the right to amend. The defect in those claims simply could not be cured by amendment, and thus any attempt to do so would be futile. *See Remark Home Designs, LLC v. Oak St. Condo Projects, LLC*, No. 16-CV-14305, 2017 WL 5714489, *7 (E.D. Mich. Aug. 1, 2017) ("Plaintiff's proposed amended complaint would not

survive a motion to dismiss as to the issues of statutory damages and attorney's fees, so it is futile.").

**IV. EVEN IF THE ALLEGEDLY INFRINGED WORKS WERE SUFFICIENTLY IDENTIFIABLE OR SPECIFICALLY IDENTIFIED THROUGH A PROPOSED AMENDMENT, PLAINTIFFS' COMPLAINT WOULD STILL NOT STATE VALID CLAIMS.**

In the event this Court finds that some or all of Plaintiffs' allegedly infringed works are sufficiently identifiable, or Plaintiffs seek to amend their Complaint to cure its deficiencies, Plaintiffs' claims should still be dismissed and any request for leave to amend denied.  *Morse v. McWhorter*, 29 F.3d 795, 799-800 (6th Cir. 2002) (denial of leave to amend may be appropriate under certain circumstances, including "futility of amendment"). This is because the use of **all** the photographs and video clips in the Trailer Video constitute *de minimis* "fair use" as a matter of law.

**A.  Use of all the photographs and video clips in the Trailer Video was *de minimis*.**

"Where the unauthorized use of a copyrighted work is *de minimis*, no cause of action will lie for copyright infringement." *Sandoval v. New Line Cinema Corp.*, 147 F.3d 215, 217 (2d Cir. 1998). To establish that the alleged infringement of a copyrighted work is *de minimis*, and therefore not actionable, "the alleged infringer must demonstrate that the copying of the protected materials is so trivial 'as to fall below the quantitative threshold of substantial similarity, which is always a required element of actionable copying.'" *Gordon v. Nextel Commc'ns & Mullen Advert., Inc.*, 345 F.3d 922, 924 (6th Cir. 2003) (quoting *Ringgold v. Black Ent. Television, Inc.*, 126 F.3d 70, 77 (2d Cir.1997)). As explained above, the Trailer Video contains six photographs and three video

8

clips, all of which focus on the presence of Elle Roskamp, and all of which appear for 4 seconds or less. The specifics of their *de minimis* use are as follows.[10]

The first photo appears in the Trailer Video from the 37 second mark to the 40 second mark (**three seconds**). (Ex. 5.) It is not presented in full screen. That photo depicts Elle Roskamp singing and sitting at a keyboard. It is unclear if Plaintiffs seek to assert a copyright infringement of this photo, but in any event such a claim fails as a matter of law because its use is *de minimis* in the Trailer Video. *Gordon*, 345 F.3d at 924. Plaintiffs should not be permitted to amend to state a more specific claim for infringement of this photo because such an amendment would be futile. *Morse*, 290 F. 3d at 800; *see also White v. SmithKline Beecham Corp.*, 538 F. Supp. 2d 1023, 1031 (W.D. Mich. 2008).

The second photo appears in the Trailer Video from the 41 second mark to the 45 second mark (**four seconds**). (Ex. 5.) It is not presented in full screen. That photo depicts Plaintiffs and Elle Roskamp, and—if Defendant were forced to guess—may be the photo copyrighted by Plaintiffs that is titled "Laughter." (Compl., ¶¶ 10-12, PageID.2-3.) If Plaintiffs seek to assert a copyright infringement of this photo, such a claim fails as a matter of law because its use is *de minimis* in the Trailer Video. *Gordon*, 345 F.3d at 924. Plaintiffs should not be permitted to amend to state a more specific claim for infringement of this photo because such an amendment would be futile. *Morse*, 290 F. 3d at 800; *see also White*, 538 F. Supp. 2d at 1031.

---

[10] As previously noted, the Trailer Video is referenced numerous times in Plaintiffs' Complaint and is central to their claims. (Compl., ECF No. 1, ¶¶ 35-71, 81, 83, 86-87, 91, PageID.7-15.) As such, it may be considered by this Court without taking this motion outside the confines of Rule 12(b)(6). *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (holding that if a "document is referred to in the complaint and is central to the plaintiff's claim…the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment."). Submitted on disk to the Court as Exhibit 5 is a true and authentic copy of the Trailer Video.

The third photo appears in the Trailer Video from the 1:05 mark to 1:08 mark (**three seconds**). (Ex. 5.) It is not presented in full screen. That photo depicts Plaintiffs and Elle Roskamp holding a book called "Heart Storming," and—if Defendant were forced to guess—may be the photo copyrighted by Plaintiffs that is titled "Heart Storming." (Compl., ¶¶ 22-25, PageID.4.) If Plaintiffs seek to assert a copyright infringement of this photo, such a claim fails as a matter of law because use of the photo is *de minimis* in the Trailer Video. *Gordon*, 345 F.3d at 924. Plaintiffs should not be permitted to amend to state a more specific claim for infringement of this photo because such an amendment would be futile. *Morse*, 290 F. 3d at 800; *see also White*, 538 F. Supp. 2d at 1031.

The fourth photo appears in the Trailer Video from the 1:09 mark to the 1:12 mark (**three seconds**). (Ex. 5.) It is not presented in full screen. That photo depicts Plaintiffs and Elle at the beach, and—if Defendant were forced to guess—may be the photo copyrighted by Plaintiffs that is titled "Day at the Beach." (Compl., ¶¶ 30-33, PageID.4-5.) If Plaintiffs seek to assert a copyright infringement of this photo, such a claim fails as a matter of law because use of the photo is *de minimis* in the Trailer Video. *Gordon*, 345 F.3d at 924. Plaintiffs should not be permitted to amend to state a more specific claim for infringement of this photo because such an amendment would be futile. *Morse*, 290 F. 3d at 800; *see also White*, 538 F. Supp. 2d at 1031.

The fifth photo appears in the Trailer Video from the 1:22 mark to the 1:26 mark (**four seconds**). (Ex. 5.) It is not presented in full screen. That photo depicts Plaintiffs and Elle, and Plaintiff Morgan Cooley is holding a baby. If Defendant were forced to guess, that photo may be the photo copyrighted by Plaintiffs and titled "the Cooley's and Elle." (Compl., ¶¶ 14-17, PageID.3.) If Plaintiffs seek to assert a copyright infringement of this photo, such a claim fails as a matter of law because use of the photo is *de minimis* in the Trailer Video. *Gordon*, 345 F.3d at

924. Plaintiffs should not be permitted to amend to state a more specific claim for infringement of this photo because such an amendment would be futile. *Morse*, 290 F. 3d at 800; *see also White*, 538 F. Supp. 2d at 1031.

The sixth photo appears in the Trailer Video from the 2:12 mark to the 2:16 mark (**four seconds**). It is not presented in full screen. That photo depicts a closeup of Elle Roskamp's face, with tears in her eyes. If Plaintiffs seek to assert a copyright infringement of this photo, such a claim fails as a matter of law because use of the photo is *de minimis* in the Trailer Video. *Gordon*, 345 F.3d at 924. Plaintiffs should not be permitted to amend to state a more specific claim for infringement of this photo because such an amendment would be futile. *Morse*, 290 F. 3d at 800; *see also White v. SmithKline Beecham Corp.*, 538 F. Supp. 2d 1023 (W.D. Mich. 2008).

The first video clip appears in the Trailer Video from the 1:15 mark to 1:18 mark (**three seconds**). (Ex. 5.) That video clip features Plaintiff Morgan Cooley and Elle, both shown behind a keyboard. No sound from the original video is used. If Plaintiffs seek to assert a copyright infringement based on this video clip, such a claim fails as a matter of law because use of the video clip is *de minimis* in the Trailer Video. *Gordon*, 345 F.3d at 924. Plaintiffs should not be permitted to amend to state a more specific claim for infringement of this video clip because such an amendment would be futile. *Morse*, 290 F. 3d at 800; *see also White*, 538 F. Supp. 2d at 1031.

The second video clip appears in the Trailer Video from the 1:19 mark to the 1:21 mark (**three seconds**). (Ex. 5.) That video clip features Morgan Cooley in the foreground, waving, and Elle and Plaintiff James Cooley in the background. No sound from the original video is used. If Plaintiffs seek to assert a copyright infringement based on this video clip, such a claim fails as a matter of law because use of the video clip is *de minimis* in the Trailer Video. *Gordon*, 345 F.3d at 924. Plaintiffs should not be permitted to amend to state a more specific claim for infringement

of this video clip because such an amendment would be futile. *Morse*, 290 F. 3d at 800; *see also White*, 538 F. Supp. 2d at 1031.

Finally, as a result of a diligent effort to determine whether the third video clip appearing in the Trailer Video was the subject of any of Plaintiffs' infringement claims, Defendant found the following video on the YouTube webpage of Burn 24-7: https://www.youtube.com/watch?v=jla2gbYe384. This video is titled "Training//Heart-Storming With The Lord," and states that it "Premiered Jul 17, 2019." That date matches the alleged first date of publication for copyright Plaintiffs registered as "Heart-Storming with the Lord." (Compl., ¶¶ 18-21, PageID.3; Compl. Ex. 3.) A clip from this video appears in the Trailer Video from the 1:34 mark to the 1:38 mark (**four seconds**). (Ex. 5.) Given the foregoing, Defendant assumes this is the "entire motion picture" Plaintiffs copyrighted and titled "Heart-Storming with the Lord." (Compl., ¶¶ 18-21, PageID.3; Compl. Ex. 3.)  The YouTube video is seventeen minutes and thirty-eight seconds long.  As noted above, a four-second clip of it is used in the Trailer Video, and no sound from the original video is used. Assuming Plaintiffs seek to assert a copyright infringement of this video, such a claim fails as a matter of law because use of the video is *de minimis* in the Trailer Video. *Gordon*, 345 F.3d at 924; *see also Neal Publications v. F & W Publications, Inc.*, 307 F. Supp. 2d 928, 931 (N.D. Ohio 2004) ("To be actionable, copying…must involve copying of more than a small and insignificant portion of the plaintiff's work."). The Plaintiffs should not be permitted to amend to state a more specific claim for infringement of this video because such an amendment would be futile. *Morse*, 290 F. 3d at 800; *see also White*, 538 F. Supp. 2d 1031.

In sum, because the use of all the photographs and video clips in the Trailer Video was *de minimis*, Plaintiffs' copyright claims fail as a matter of law and any attempt to amend Plaintiffs' Complaint to more specifically assert such claims would be futile.

### B.    Defendant's use of all the photographs and video clips in the Trailer Video was "fair use."

The doctrine of "fair use" shields from infringement particular uses of a copyrighted work.

*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 576–77 (1994); 17 U.S.C. § 107. Specifically,

the fair use doctrine states that:

> The fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, **for purposes such as criticism, comment, news reporting**, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright.

17 U.S.C. § 107 (emphasis added). The statute sets out four factors for courts to weigh:

> 1. The purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> 2. The nature of the copyrighted work;
> 3. The amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> 4. The effect of the use upon the potential market for or value of the copyrighted work.

*Id.* "[T]he factors are to be explored, and the results weighed together, in light of the purposes of

copyright." *Campbell v. Acuff–Rose Music, Inc.*, 510 U.S. 569, 578 (1994). The Court must

consider these factors to determine whether a reasonable jury could come to any conclusion other

than that a defendant's alleged use was fair. *See Balsley v. LFP, Inc.*, 691 F.3d 747 (6th Cir. 2012).

### i.    No reasonable jury could find that the purpose and character of use of the photographs and video clips in the Trailer Video was something other than comment, criticism and news reporting.

With respect to the purpose and character of the use, the key question is whether the new

use was "transformative," that is, whether the use added some new purpose or meaning to the

original. *Campbell*, 510 U.S. at 579. Cases have considered unlicensed use of copyrighted works

to be "transformative" to qualify as "fair use" where the use has been used for comment, criticism

and/or news reporting. *See, e.g., Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34, 42 (S.D.N.Y. 2017)

13

(copying of a large portion of copyrighted video justified as fair use where purpose of copying was comment and criticism); *In re DCMA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 884 (N.D. Cal. 2020) (usage of copyrighted ad and chart to criticize organization and spark discussion considered "transformative"); *Monster Commc'ns, Inc. v. Turner Broad. Sys., Inc.*, 935 F. Supp. 490, 494 (S.D.N.Y. 1996) ("There is a public interest in receiving information concerning the world in which we live."). Notably, "physical changes are not required for a new use to be transformative." *In re DCMA Subpoena to Reddit, Inc.*, at 884; *see also Hozzeinzadeh v. Klein*, at 45-46 (dismissing plaintiff's complaint on a finding of fair use where the infringing work was "quintessential comment and criticism" despite defendants' use of three minutes and fifteen seconds of the copyrighted work, a five minute and twenty-four second video).

Here, the allegedly infringing use of all the photographs and video clips in the Trailer Video—which ever of them (if any) are the copyrighted works referenced in Plaintiffs' Complaint—was clearly transformative. It is beyond debate based on the content of the Trailer Video that the primary purpose of the use of the photographs and video clips was to assist in finding Elle Roskamp, and secondarily to criticize Grace Christian University and Plaintiffs. Specifically, the Trailer Video attempts to alert the public to recent likenesses of Elle Roskamp and who she was recently with (Plaintiffs) so she could be located. Secondarily, the Trailer Video criticizes Grace Christian University's failure to oversee Elle Roskamp's "internship" with Plaintiffs and criticizes Plaintiffs for their allegedly harmful treatment of Elle Roskamp while she was living with them. (Ex. 1.)[11] The GoFundMe webpage's stated goal was "to educate and caution

---

[11] Defendant requests this Court take judicial notice of Exs. 1 through 4. *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007), Fed. R. Evid. 201(b), (c)(2).

other parents, students and young women to keep them from falling prey to the same potential

danger" of the disappearance of a family member. (Exs. 1, 3 and 4.)

In sum, the alleged use of the copyrighted works in the Trailer Video was transformative

because it was for news reporting, comment, and criticism. No reasonable jury could find

otherwise.

### ii.      The nature of the copyrighted work was factual rather than creative.

There are two aspects to the "nature of the copyrighted work" factor:

> [F]irst, the extent to which it is a creative work enjoying broader
> copyright protection as opposed to a factual work requiring broader
> dissemination, *see Harper & Row*, 471 U.S. at 563–64, 105 S. Ct.
> 2218, and second, whether it is unpublished, in which case the right
> of first publication is implicated, *see id.* at 564, 105 S. Ct. 2218.

*Nunez v. Caribbean Intern. News Corp.*, 235 F.3d 18, 23 (1st Cir. 2000). *See also Balsley*, 69 F.3d

at 760. Here, Plaintiffs alleged that the copyrighted works were published, so the right of first

publication is not implicated. (Compl., ECF No. 1, ¶¶ 11, 15, 19, 23, 27, 31, PageID.2-4.)

Furthermore, there is no allegation that the photographs and videos were created by Plaintiffs for

any commercial purpose. Rather, Plaintiffs merely stated in the Complaint that they "spent time

preparing for, taking and saving pictorial and audiovisual works" and that they "believed it was

worthwhile and valuable" to create them. (Compl., ¶ 8, PageID.2.) Importantly, Plaintiffs'

copyrighted works were factual works rather than fictional works, making them less important to

protect than the creative works at the core of copyright protection. *Campbell*, 510 U.S. at 586;

*Stewart v. Abend*, 495 U.S. 207, 237 (1990) ("In general, fair use is more likely to be found in

factual works than in fictional works."). The photographs and videos used in the Trailer Video are

factual depictions of Elle Roskamp and Plaintiffs. *Cf. Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34

(S.D.N.Y. 2017) (finding allegedly infringed work "creative" where such work was "entirely

15

scripted and fictional."). The Court should find that this factor weighs, as a matter of law, in favor of a finding that the allegedly infringing use was fair use.

### iii. The amount and substantiality of the use in relation to the copyrighted work was minimal and reasonable.

The third factor focuses on whether the copying is "reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586. The third fair use factor considers "what proportion of the copyrighted work the allegedly infringing work uses, and then how well tailored that use was to the allegedly infringing work's proper purpose." *Id.* The Trailer Video is two minutes and thirty seconds long. As explained above, no photographs or video clips appear in the video for longer than 4 seconds, and most appear for only three seconds. As such, even assuming the copyrighted works referenced in Plaintiffs' Complaint are used in the Trailer Video, that use—to show images of Elle Roskamp, comment on her disappearance and criticize Grace Christian University and Plaintiffs—was minimal and reasonable in relation to the purpose of the copying. Notably, the fact that the Trailer Video displayed the entire portion of each photograph used "does not necessarily weigh against fair use because copying the entirety of a work is sometimes necessary to make a fair use of the image." *Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 613 (2d Cir. 2006). That is clearly the case here, where each photo and video clip was used in the Trailer Video primarily for the informational purpose of sharing a recent image of Elle Roskamp so that the public may assist in finding her. This Court should find that the third factor weighs in favor of a finding of fair use as a matter of law.

### iv. The alleged use did not usurp the potential market or value of the copyrighted work.

The fourth fair use factor "focus[es] on whether the secondary use usurps demand for the protected work by serving as a market substitute[.]" *Hosseinzadeh v. Klein* at 43 (citing *TCA*

*Television Corp. v. McCollum*, 839 F.3d 168, 186 (2d Cir. 2016)). "The question is whether the allegedly infringing work serves as a 'market substitute' for the allegedly infringed work, not merely whether the market for the allegedly infringed work was harmed." *Id.* (citing *Campbell*, 510 U.S. at 592). Here, the Trailer Video does not serve as a market substitute for Plaintiffs copyrighted photos and videos. No reasonable jury could find that there would be market confusion between Plaintiffs' copyrighted photographs and videos and the Trailer Video used to inform the public of Elle Roskamp's disappearance and to criticize Plaintiffs and Grace Christian University. No reasonable jury could find that the Trailer Video would have any substantive effect on any market for Plaintiffs' copyrighted works. Indeed, Plaintiffs have not even alleged that the copyrighted works are, will be, or have been marketed. *See Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 450–51 (1984) ("A use that has no demonstrable effect upon the potential market for, or the value of, the copyrighted work need not be prohibited in order to protect the author's incentive to create."). This Court should find that the fourth factor weighs toward a finding of fair use as a matter of law.

In sum, should this Court find that some or all of Plaintiffs' allegedly infringed works are sufficiently identifiable based on the allegations in its Complaint, or should Plaintiffs seek to amend their Complaint to cure its deficiencies, Plaintiffs claims should nonetheless still be dismissed in their entirety as a matter of law with prejudice and without the right to amend because no reasonable jury could find otherwise than that the use of all photographs and video clips in the Trailer Video constitutes *de minimis* "fair use" for the clear purpose of news reporting, comment and criticism and has no substantive impact on the market or value of the copyrighted works.

IV.     **THIS COURT SHOULD AWARD DEFENDANT HER COSTS AND ATTORNEY FEES INCURRED IN FILING THIS MOTION AND BRIEF.**

Defendant recognizes that each party typically pays its own attorney fees pursuant to the "American Rule." *Fogerty v. Fantasy, Inc.* 510 U.S. 517, 533 (1994). However, the Copyright Act allows this Court, in its discretion, to award costs including reasonable attorney fees to the prevailing party in a copyright infringement action. 17 U.S.C. § 505. Factors that this Court may examine in deciding to award costs and fees include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, at 534, n. 19 (citation omitted).

An award of fees is appropriate here for two reasons.  First, Plaintiffs' demand for $150,000 in statutory damages for each alleged infringement and an award of attorney's fees under the Copyright Act was frivolous on its face. The Complaint expressly shows that Plaintiffs have no right to statutory damages or attorney's fees under sections 504 and 505 of the Act. The only possible motive Plaintiffs could have had to assert such a baldly frivolous claim was to intimidate Defendant.

Second, beyond attaching the bare copyright registrations, Plaintiffs made no effort in their Complaint to identify, attach, and/or describe their copyrighted works or identify where and how those works were allegedly used in the Trailer Video. Ignoring such basic pleading practices not only renders their Complaint insufficiently specific to state valid claims, but it also warrants an award of fees under the Act.

For these reasons, Defendant respectfully requests this Court use its discretion to award Defendant her costs and reasonable attorney fees incurred in filing and arguing this Motion to Dismiss.

## <u>CONCLUSION</u>

For the reasons discussed above, Defendant respectfully requests that this Court dismiss the entirety of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice and without the right to amend based on futility.  At a minimum, Plaintiffs' claims for statutory damages and attorney's fees under the Copyright Act should be dismissed with prejudice and without the right to amend because those claims are facially frivolous and cannot, under any circumstances, be cured by amendment.

Respectfully submitted,

Dated:  February 22, 2023

/s/Thomas V. Hubbard
Thomas V. Hubbard (P60575)
Amanda P. Narvaes (P74957)
**DREW, COOPER & ANDING, P.C.**
Attorneys for Defendant
80 Ottawa Avenue NW
Aldrich Place, Suite 200
Grand Rapids, MI 49503
(616) 454-8300
thubbard@dca-lawyers.com
anarvaes@dca-lawyers.com

**CERTIFICATE OF SERVICE**

       I certify that on February 22, 2023, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

Dated:  February 22, 2023

/s/Thomas V. Hubbard
Thomas V. Hubbard (P60575)
Amanda P. Narvaes (P74957)
**DREW, COOPER & ANDING, P.C.**
Attorneys for Defendant
80 Ottawa Avenue NW
Aldrich Place, Suite 200
Grand Rapids, MI 49503
(616) 454-8300
thubbard@dca-lawyers.com
anarvaes@dca-lawyers.com