UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES COOLEY, et al.,

    Plaintiffs,

v.

ELIZABETH MARCUS,

    Defendant.

_____/

Case No. 1:23-cv-86

Hon. Hala Y. Jarbou

## **OPINION**

This is an action asserting claims for copyright infringement under federal law. Plaintiffs James Cooley and Morgan Cooley claim that Defendant Elizabeth Marcus has infringed six of their copyrights. Before the Court is Defendant's motion to dismiss the complaint for failure to state a claim (ECF No. 8). For the reasons that follow, the Court will grant the motion in part and deny it in part.

### I. BACKGROUND

According to the complaint, on June 15, 2021, Defendant posted a video (the "Trailer Video") to a GoFundMe fundraising campaign webpage, with the stated goal of raising funds for a documentary about the disappearance of her sister, Elle Roskamp. (GoFundMe Page, ECF No. 9-5.) The video contained clips of the Roskamp family discussing what they believed happened to Elle, and, most relevant to this case, several photos and video clips of Elle. (Trailer Video, ECF No. 9-6.) Some of those depictions also show Plaintiffs and their infant child. Two days later, Defendant allegedly posted the Trailer Video to her YouTube account. (Compl. ¶ 50, ECF No 1.)

In November 2022, Plaintiffs registered their copyrights in several of the photos and videos that were used in Defendant's Trailer Video. (*See* Compl., Exs. 1-6, ECF No. 1, PageID.14-31.) The copyright registrations are attached to the complaint. Defendant contends that she has removed the Trailer Video from both her GoFundMe page and YouTube channel. (Def.'s Br. in Supp. of Mot. to Dismiss 2 n.3, ECF No. 9.)

Plaintiffs claim that Defendant's use of their photos and videos in the Trailer Video infringes Plaintiffs' rights in their works, and that they are entitled to an injunction against Defendant's continued infringement, as well as statutory damages, actual damages, attorneys' fees, and costs.

## II. LEGAL STANDARDS

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to make a "short and plain statement of the claim showing that the pleader is entitled to relief." The statement must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "[t]he plausibility standard . . . is not akin to a probability requirement . . . it asks for more than a sheer possibility" that the alleged misconduct occurred. *Id*. "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When considering a motion to dismiss under Rule 12(b)(6), courts "construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true." *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017). The Court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, or "formulaic recitations of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

2

Courts are generally bound to consider only the complaint when resolving a motion to dismiss unless the Court converts the motion to one for summary judgment. *Wysocki v. IBM Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). "However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (internal citations omitted).

### III. ANALYSIS

#### A. Sufficiency of Allegations

"A copyright-infringement claim must establish: (1) ownership of a valid copyright and (2) the fact 'that the defendant copied the protectable elements of the work.'" *RJ Control Consultants, Inc. v. Multiject, LLC*, 981 F.3d 446, 454 (6th Cir. 2020) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir 2004)).

Defendant argues that the complaint fails to provide sufficient facts to identify the copyrighted works. The complaint does not contain images or descriptions of the copyrighted works, apart from the limited descriptions in the copyright registrations themselves. Those registrations indicate that Plaintiffs assert rights in four photos and two videos. The four photographs are titled "Laughter," "The Cooley's and Elle," "Heart Storming," and "Day at the beach," respectively. (*See* Exs. 1, 2, 4, 6.) And the two videos are titled "Heart-Storming with the Lord" and "Reflections and Worship." (*See* Exs. 3, 5.) Also, Plaintiffs allege that some of the copyrighted works at issue contain images of their minor son. (Compl. ¶ 9.) And Plaintiffs allege that Defendant used their copyrighted works in the Trailer Video.

Plaintiffs' allegations require some guesswork to sort out which of the photos and videos are at issue. However, it is clear that Plaintiffs are claiming rights to a total of six photos and

3

videos, all of which are contained in the Trailer Video. That short video contains only nine photos or video clips that would potentially correspond to the six works identified in the complaint. And as Defendant indicates in her brief, it is likely that the photo titled "Day at the beach" refers to the one photo of Elle and Plaintiffs at the beach. Similarly, it is likely that the photo titled "Heart Storming" is the one of Plaintiffs and Elle holding a book with the same title. Furthermore, in their response to the motion to dismiss, Plaintiffs clarify that they are asserting rights to only those works "in which they or their infant child appear," which eliminates two out of the nine candidates. (*See* Pls.' Resp. Br. 9, ECF No. 15.) The first and last photos in the video are only of Elle herself. That leaves only four photos remaining (which corresponds to the number of copyrighted photos) and the three video clips (two of which are presumably copyrighted). In short, despite some uncertainty as to the particular works at issue in the Trailer Video, given the limited universe of possibilities and the data available, the Court concludes that Plaintiffs have alleged sufficient facts to give Defendant fair notice of the basis for their claim.

### B. Defenses

Defendant asserts two defenses: *de minimis* use and fair use. "Typically, courts examine the *de minimis* defense first to determine if any actionable copying has occurred." *Gordon v. Nextel Commc'ns & Mullen Advert., Inc.*, 345 F.3d 922, 924 (6th Cir. 2003) (citing *Ringgold v. Black Ent. Television, Inc.*, 126 F.3d 70, 77 (2d Cir. 1997)).

#### 1. *De Minimis* Use

"To establish that a copyright infringement is *de minimis*, the alleged infringer must demonstrate that the copying of the protected material is so trivial 'as to fall below the quantitative threshold of substantial similarity[.]'" *Gordon*, 345 F.3d at 924 (quoting *Ringgold*, 126 F.3d at 74). In cases involving visual works, courts consider the "amount of the copyrighted work that is copied," as well as "the observability of the copied work—the length of time the copied work is

observable in the allegedly infringing work and such factors as focus, lighting, camera angles, and prominence." *Ringgold*, 126 F.3d at 75.

As to the amount of the work copied, the Court construes the complaint in Plaintiffs' favor and infers that Defendant copied Plaintiffs' entire works. As to observability, courts generally find that use of a visual work within a video is *de minimis* when portions of the work are visible at a distance within the video, or when the work is shown only briefly and out of focus. In *Gordon*, for instance, the use of copyrighted illustrations in a video was *de minimis* because the illustrations "appear[ed] fleetingly" and were "primarily out of focus." *Gordon*, 345 F.3d at 925. Similarly, in *Sandoval v. New Line Cinema Corp.*, 147 F.3d 215 (2d Cir. 1998), the use of copyrighted photos in a video was *de minimis* because the photos were "displayed in poor lighting and at great distance." *Id.* at 218. Consequently, they were "virtually unidentifiable." *Id.*

In contrast, Plaintiffs' works appear prominently in Defendant's video. They fill most of the screen when shown and they are not blurry or out of focus. In other words, they are readily observable. Indeed, the works appear to have been purposefully selected for the Trailer Video in order to convey specific information about Elle or her relationship with Plaintiffs. The works are not presented in the background.

Defendant asserts that her use of Plaintiffs' works was *de minimis* because each photo or video clip is displayed on screen for only a few seconds in the Trailer Video. It is true that the courts in *Gordon* and *Sandoval* concluded that displays of copyrighted works in a video for even longer periods of time was *de minimis*. *See Sandoval*, 147 F.3d at 216 (artwork was on screen for a total of 35 seconds); *Gordon*, 345 F.3d at 924 (one illustration was on screen for 10.6 seconds and another was on screen for 7.3 seconds). However, those cases are distinguishable. The copyrighted works in those cases were not "displayed with sufficient detail for the average lay

5

observer to identify even the subject matter of the [works], much less the style used in creating them." *Sandoval*, 147 F.3d at 218. Here, a viewer of the Trailer Video can readily identify the details of Plaintiffs' works, including their subject matter and the means used to create them. Thus, Defendant's use was not *de minimis*.

### 2. Fair Use

Fair use is a limitation on a copyright holder's rights. It is an "'equitable rule of reason' that 'permits courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster.'" *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1196 (2021) (quoting *Stewart v. Abend*, 495 U.S. 207, 236 (1990)). The Copyright Act directs the Court to consider at least the following four factors when determining whether the use of a copyrighted work is a fair use:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. These four factors are neither exhaustive nor intended to be a rigid framework. Instead, they "set forth general principles, the application of which requires judicial balancing, depending upon relevant circumstances[.]" *Google*, 141 S. Ct. at 1197. "All are to be explored, and the results weighed together, in light of the purposes of copyright." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994).

The Court cannot apply these factors at this stage because the Court lacks the necessary facts to do so. In other words, there are some facts that may be relevant to the fair use analysis

that do not appear on the face of the complaint. For example, "the first factor asks 'whether *and to what extent*' the use at issue has a purpose or character different from the original." *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 143 S. Ct. 1258, 1275 (2023) (quoting *Campbell*, 510 U.S. at 579). That analysis requires the Court to consider the purpose of the copyrighted works, which the Court cannot determine at this stage.

The second factor—the nature of the copyrighted work—recognizes that "some works are closer to the core of intended copyright protection than others." *Campbell*, 510 U.S. at 586. Works that are more "expressive or creative" as opposed to "factual or informational" generally receive more protection and permit a narrower range of fair uses. *See N. Jersey Media Grp. Inc. v. Pirro* 74 F. Supp. 3d 605, 619 (S.D.N.Y. 2015). Defendant argues that the copyrighted works are factual in nature, but there are many facts surrounding the creation of the photos and video clips that a court could consider when deciding the direction and weight of the second factor. For instance, the Court might consider the photographer's "creative process" in setting the scene depicted in the photos or videos. *Id.* at 620. Some of the photos appear to be posed, rather than merely impromptu snapshots. However, the Court does not know the full circumstances surrounding the creation of each of the copyrighted works.

The third factor looks at the amount of each work used in relation to that work as a whole. But the Court cannot discern from the complaint whether Defendant used the copyrighted works in whole or in part. In other words, the Court does not know whether the photos and video clips in the Trailer Video represent the full copyrighted works or are portions of larger works. Defendant provides a link to a YouTube video that Defendant believes is a longer work from which one of the video clips was obtained. However, that evidence does not appear in the complaint and

is not properly before the Court on a motion to dismiss. Moreover, the Court cannot tell whether that longer video is, in fact, the full copyrighted work.

The fourth factor examines the impact of Defendant's use upon the potential market for, or value of, the copyrighted works. The Court cannot assess the value or potential market for the copyrighted works based on the complaint alone. Defendant argues that Plaintiffs fail to allege that the works have been marketed; however, Plaintiffs are not required to plead facts in avoidance of Defendant's fair use defense.

In summary, the Court cannot decide the fair use defense at this stage.

### C. Statutory Damages and Attorneys' Fees

Defendant argues that Plaintiffs are not entitled to statutory damages or attorney's fees under the Copyright Act. The Copyright Act provides that statutory damages and attorney's fees claimed under §§ 504 and 505 are not available for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412.

Each of the copyrights at issue here has a registration date of November 29, 2022, or November 30, 2022. (Exs. 1-6.) Their first publication dates are: November 13, 2018 (Ex. 1); June 29, 2019 (Ex. 2); July 17, 2019 (Ex. 3); September 9, 2019 (Ex. 4); September 30, 2019 (Ex. 5); and December 2, 2019 (Ex. 6). Accordingly, Plaintiffs registered their copyrights more than three months after their first publication. And according to the complaint, the alleged infringement commenced no later than June 15, 2021, when Defendant allegedly published the Trailer Video. (Compl. ¶ 37.) Thus, the alleged infringement occurred long before Plaintiffs registered their copyrights, meaning that Plaintiffs are not entitled to statutory damages or attorney's fees under the Copyright Act.

Plaintiffs do not respond to Defendant's argument regarding statutory damages and attorney's fees. Accordingly, statutory damages and attorney's fees are not available. That portion of Plaintiffs' claim will be dismissed.

### IV. CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part Defendant's motion to dismiss the complaint (ECF No. 8). The motion will be granted as to Plaintiffs' claim for statutory damages and attorney's fees and denied as to the remainder. An order will enter consistent with this Opinion.

Dated: July 24, 2023                    /s/ Hala Y. Jarbou
                                                                        HALA Y. JARBOU
                                                                        CHIEF UNITED STATES DISTRICT JUDGE